# Exhibit A

**ABHA KHANNA**
WA Bar No. 42612
**WALKER McKUSICK**
WA Bar No. 63205
ELIAS LAW GROUP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
akhanna@elias.law
wmckusick@elias.law

**CHRISTOPHER D. DODGE**
D.C Bar. No. 90011587
**BRANDEN LEWISTON**
D.C. Bar No. 252550
ELIAS LAW GROUP
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
cdodge@elias.law
blewiston@elias.law

**HARRY WILSON**, OSB No. 077214
harrywilson@markowitzherbold.com
**DALLAS DELUCA**, OSB No. 072992
dallasdeluca@markowitzherbold.com
1455 SW Broadway, Suite 1900
Portland, OR
Telephone: 503-295-3085

*Attorneys for Proposed Intervenors*
*Our Oregon, Dan DiIulio, Stephen Gomez*
*and Emma Craddock*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>THE STATE OF OREGON; and<br>TOBIAS READ, in his official capacity as the<br>Oregon Secretary of State,<br><br>       Defendants. | Case No. 6:25-CV-01666-MTK<br><br>[PROPOSED] ANSWER |

**OUR OREGON, DANIEL DIIULIO, STEPHEN GOMEZ, AND EMMA CRADDOCK'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Our Oregon, Daniel DiIulio, Stephen Gomez, and Emma Craddock ("Proposed Intervenors") answer Plaintiff's Complaint (ECF No. 1), as follows:

The Complaint begins with two unnumbered paragraphs to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

## INTRODUCTION

1.     Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

2.     Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statutes contain the quoted text. The cited statutes otherwise speak for themselves. Proposed Intervenors deny that Defendants have violated either the National Voter Registration Act ("NVRA") or the Help America Vote Act ("HAVA").

3.     Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statute otherwise speaks for itself. Proposed Intervenors deny that Defendants have violated HAVA.

4.     Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but deny that the action is proper or that Plaintiff is otherwise entitled to any relief.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenors otherwise deny the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located in and conduct election administration in Oregon.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant State of Oregon is a state of the United States of America and is subject to certain provisions of the NVRA, HAVA, and CRA.

9. Proposed Intervenors admit that Tobias Read is the Oregon Secretary of State and that he is sued in his official capacity. The remaining allegations in Paragraph 9 contain legal contentions, characterizations, conclusions, and opinions to which no response is required.

## STATUTORY BACKGROUND

### The NVRA

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 11.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20507(c) sets forth a process by which a state "may meet the requirements of" of 52 U.S.C. § 20507(a). Section 20507(c) speaks for itself as to that process.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

### HAVA

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for

itself.

22.     Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

23.     Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that § 21083(b) sets forth rules for voters who register to vote by mail. The statute otherwise speaks for itself.

24.     Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes Oregon.

25.     Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA. The statute otherwise speaks for itself.

26.     Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that HAVA authorizes the relief the Department of Justice seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

27.     Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegation.

## The Civil Rights Act of 1960

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20701 *et seq.* empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Proposed Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Proposed Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this litigation.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that the statute authorizes the demands that are the subject of this litigation.

## Voter List Maintenance and Records Procedures under Oregon State Law

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge or belief as to form a belief as to the truth or falsity of the characterization in Paragraph 31 and therefore denies them.

32. Paragraph 32 and footnotes 1–2 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required,

Proposed Intervenors admit that the cited statutes contain the quoted text. The statutes otherwise speak for themselves.

33. Paragraph 33 and footnote 3 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statutes contains the quoted text. The statutes otherwise speak for themselves.

## FACTUAL ALLEGATIONS

34. Proposed Intervenors admit that on July 16, 2025, the United States sent a letter to Secretary Read seeking information regarding Oregon's voter registration list. The contents of the letter otherwise speak for themselves.

35. Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. The contents of the document otherwise speak for themselves.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited website contains the quoted text and that the United States Election Assistance Commission (EAC) is an "independent, bipartisan commission." The cited website otherwise speaks for itself.

37. Proposed Intervenors admit that the cited website contains the quoted text and that the EAC conducts the biennial Election Administration and Voting Survey (EAVS). The cited website otherwise speaks for itself.

38. Proposed Intervenors admit that the cited document requested data from the close

of registration for the November 2022 general election through the close of registration for the November 2024 general election. The contents of the document otherwise speak for themselves.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Department of Justice's letter claimed that Oregon's voter registration rate is 95.3% of the citizen voting-age population and asked Oregon to explain what list maintenance actions it is taking to remove ineligible voters. The contents of the letter otherwise speak for themselves. To the extent Paragraph 39 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. To the extent Paragraph 40 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. To the extent Paragraph 41 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that both the 2024 EAVS Report and the cited correspondence speak for themselves. To the extent Paragraph 42 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. To the extent Paragraph 43 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. To the extent Paragraph 44 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the correspondence speaks for itself. To the extent Paragraph 45 alleges that Oregon has violated the NVRA or HAVA, Proposed Intervenors deny the allegation.

46. Admitted.

47. Proposed Intervenors admit that the Department of Justice transmitting a letter to Secretary Read on August 14, 2025. Proposed Intervenors otherwise state that the cited August 14, 2025, correspondence speaks for itself. Proposed intervenors deny the remaining allegations in Paragraph 47.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. Proposed Intervenors deny that the NVRA authorizes the Plaintiff's demand for Oregon's statewide voter registration list.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. Proposed Intervenors deny that

HAVA authorizes Plaintiff's demand for Oregon's statewide voter registration list.

50. Paragraph 50 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. Proposed Intervenors otherwise deny that the Civil Rights Act authorizes Plaintiff's demand for Oregon's statewide voter registration list.

51. Paragraph 51 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. Proposed Intervenors otherwise deny that the cited statutes authorize Plaintiff's demand for Oregon's statewide voter registration list.

52. Proposed Intervenors admit that Secretary Read responded to the Department of Justice on August 21. The cited document speaks for itself.

53. Proposed Intervenors admit that the cited document contains the quoted text. The cited document otherwise speaks for itself.

54. Proposed Intervenors admit that the cited document contains the quoted text. The cited document otherwise speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 54.

55. Proposed Intervenors admit that the cited document contains the quoted text and that Secretary Read's letter refused to produce the state's voter registration list in the manner demanded by the Department of Justice. The cited document otherwise speaks for itself. Proposed Intervenors deny that such refusal violated any law.

56. Paragraph 56 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text.

57. Proposed Intervenors admit that the cited document contains the quoted text, but lack sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57 and footnote 4 and therefore deny them.

58. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 58 and therefore deny them.

59. Paragraph 59 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. The cited document otherwise speaks for itself.

60. Paragraph 60 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited document contains the quoted text. The cited document otherwise speaks for itself.

61. Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Civil Rights Division is required to comply with the Privacy Act. Proposed Intervenors otherwise deny that the Civil Rights Division has complied with the Privacy Act or has adopted the necessary practices and procedures to do so.

62. Paragraph 62 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the Civil Rights Division has complied with the Privacy Act.

63. Paragraph 63 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the cited correspondence speaks for itself and otherwise deny the allegations in Paragraph 63.

64. Proposed Intervenors admit that the cited document contains the quoted text. The cited document otherwise speaks for itself. Proposed intervenors deny the remaining allegations in Paragraph 64 to the extent they suggest Secretary Read has violated the law.

## CAUSE OF ACTION

### COUNT I: NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507(i)

65. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

66. Paragraph 66 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 66.

67. Proposed Intervenors deny the allegations in Paragraph 67.

68. Proposed Intervenors deny the allegations in Paragraph 68.

### COUNT II: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

69. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

70. Proposed Intervenors deny the allegations in Paragraph 70.

71. Proposed Intervenors deny the allegations in Paragraph 71.

72. Proposed Intervenors deny the allegations in Paragraph 72.

## COUNT III: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

73. Proposed Intervenors admit that the Assistant Attorney General of the Civil Rights Division sent a letter to Secretary Read on August 14, 2025. Paragraph 73 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the remaining allegations in Paragraph 73.

74. Proposed Intervenors admit that Secretary Read has not produced the state's voter registration list in the manner requested by the Department of Justice, but deny that such refusal violates any federal or state law.

## PRAYER FOR RELIEF

The complaint next includes a Prayer for Relief, including sub-paragraphs (A)–(E), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. Oregon law, Or. Rev. Stat. 247.948(2), grants Proposed Intervenors the right to keep their highly sensitive personal information confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

### PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: September 26, 2025

Respectfully submitted,

*/s/ Harry Wilson*
**HARRY WILSON**, OSB No. 077214
harrywilson@markowitzherbold.com
**DALLAS DELUCA**, OSB No. 072992
dallasdeluca@markowitzherbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: 503-295-3085

**ABHA KHANNA\***
WA Bar No. 42612
**WALKER McKUSICK\***
WA Bar No. 63205

        Elias Law Group
        1700 Seventh Avenue, Suite 2100
        Seattle, WA 98101
        akhanna@elias.law
        wmckusick@elias.law

        **CHRISTOPHER D. DODGE***
        D.C Bar. No. 90011587
        **BRANDEN LEWISTON***
        D.C. Bar No. 252550
        Elias Law Group
        250 Massachusetts Ave NW, Suite 400
        Washington, DC 20001
        cdodge@elias.law
        blewiston@elias.law

        *Pro Hac Vice Applications Forthcoming

        *Attorneys for Proposed Intervenors*
        *Our Oregon, Daniel DiIulio, Stephen*
        *Gomez, and Emma Craddock*