**US DOJ, Civil Rights v. State of Oregon, Secretary of State, et.al.**
**USDC NO: 6:25-cv-01666-MTK**
**State Defendants Motion to Dismiss**
**Exhibit 10**

Public Law 85-315

September 9, 1957
[H. R. 6127]

AN ACT

To provide means of further securing and protecting the civil rights of persons within the jurisdiction of the United States.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Civil Rights Act of 1957.

PART I—ESTABLISHMENT OF THE COMMISSION ON CIVIL RIGHTS

SEC. 101. (a) There is created in the executive branch of the Government a Commission on Civil Rights (hereinafter called the "Commission").

(b) The Commission shall be composed of six members who shall be appointed by the President by and with the advice and consent of the Senate. Not more than three of the members shall at any one time be of the same political party.

(c) The President shall designate one of the members of the Commission as Chairman and one as Vice Chairman. The Vice Chairman shall act as Chairman in the absence or disability of the Chairman, or in the event of a vacancy in that office.

(d) Any vacancy in the Commission shall not affect its powers and shall be filled in the same manner, and subject to the same limitation with respect to party affiliations as the original appointment was made.

(e) Four members of the Commission shall constitute a quorum.

RULES OF PROCEDURE OF THE COMMISSION

SEC. 102. (a) The Chairman or one designated by him to act as Chairman at a hearing of the Commission shall announce in an opening statement the subject of the hearing.

(b) A copy of the Commission's rules shall be made available to the witness before the Commission.

(c) Witnesses at the hearings may be accompanied by their own counsel for the purpose of advising them concerning their constitutional rights.

(d) The Chairman or Acting Chairman may punish breaches of order and decorum and unprofessional ethics on the part of counsel, by censure and exclusion from the hearings.

(e) If the Commission determines that evidence or testimony at any hearing may tend to defame, degrade, or incriminate any person, it shall (1) receive such evidence or testimony in executive session; (2) afford such person an opportunity voluntarily to appear as a witness; and (3) receive and dispose of requests from such person to subpena additional witnesses.

(f) Except as provided in sections 102 and 105 (f) of this Act, the Chairman shall receive and the Commission shall dispose of requests to subpena additional witnesses.

Evidence or testimony. Release.

(g) No evidence or testimony taken in executive session may be released or used in public sessions without the consent of the Commission. Whoever releases or uses in public without the consent of the Commission evidence or testimony taken in executive session shall be fined not more than $1,000, or imprisoned for not more than one year.

(h) In the discretion of the Commission, witnesses may submit brief and pertinent sworn statements in writing for inclusion in the record. The Commission is the sole judge of the pertinency of testimony and evidence adduced at its hearings.

(i) Upon payment of the cost thereof, a witness may obtain a transcript copy of his testimony given at a public session or, if given at an executive session, when authorized by the Commission.

(j) A witness attending any session of the Commission shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence. Witnesses who attend at points so far removed from their respective residences as to prohibit return thereto from day to day shall be entitled to an additional allowance of $12 per day for expenses of subsistence, including the time necessarily occupied in going to and returning from the place of attendance. Mileage payments shall be tendered to the witness upon service of a subpena issued on behalf of the Commission or any subcommittee thereof. *[margin: Witness fees.]*

(k) The Commission shall not issue any subpena for the attendance and testimony of witnesses or for the production of written or other matter which would require the presence of the party subpenaed at a hearing to be held outside of the State, wherein the witness is found or resides or transacts business.

## COMPENSATION OF MEMBERS OF THE COMMISSION

SEC. 103. (a) Each member of the Commission who is not otherwise in the service of the Government of the United States shall receive the sum of $50 per day for each day spent in the work of the Commission, shall be reimbursed for actual and necessary travel expenses, and shall receive a per diem allowance of $12 in lieu of actual expenses for subsistence when away from his usual place of residence, inclusive of fees or tips to porters and stewards.

(b) Each member of the Commission who is otherwise in the service of the Government of the United States shall serve without compensation in addition to that received for such other service, but while engaged in the work of the Commission shall be reimbursed for actual and necessary travel expenses, and shall receive a per diem allowance of $12 in lieu of actual expenses for subsistence when away from his usual place of residence, inclusive of fees or tips to porters and stewards.

## DUTIES OF THE COMMISSION

SEC. 104. (a) The Commission shall—
 (1) investigate allegations in writing under oath or affirmation that certain citizens of the United States are being deprived of their right to vote and have that vote counted by reason of their color, race, religion, or national origin; which writing, under oath or affirmation, shall set forth the facts upon which such belief or beliefs are based;
 (2) study and collect information concerning legal developments constituting a denial of equal protection of the laws under the Constitution; and
 (3) appraise the laws and policies of the Federal Government with respect to equal protection of the laws under the Constitution.

(b) The Commission shall submit interim reports to the President and to the Congress at such times as either the Commission or the President shall deem desirable, and shall submit to the President and to the Congress a final and comprehensive report of its activities, findings, and recommendations not later than two years from the date of the enactment of this Act. *[margin: Reports to President and Congress.]*

(c) Sixty days after the submission of its final report and recommendations the Commission shall cease to exist. *[margin: Termination of Commission.]*

**Exhibit 10, Page 2 of 5**

POWERS OF THE COMMISSION

Staff director.

SEC. 105. (a) There shall be a full-time staff director for the Commission who shall be appointed by the President by and with the advice and consent of the Senate and who shall receive compensation at a rate, to be fixed by the President, not in excess of $22,500 a year. The President shall consult with the Commission before submitting the nomination of any person for appointment to the position of staff director. Within the limitations of its appropriations, the Commission may appoint such other personnel as it deems advisable, in accordance with the civil service and classification laws, and may procure services as authorized by section 15 of the Act of August 2, 1946 (60 Stat. 810; 5 U. S. C. 55a), but at rates for individuals not in excess of $50 per diem.

(b) The Commission shall not accept or utilize services of voluntary or uncompensated personnel, and the term "whoever" as used in paragraph (g) of section 102 hereof shall be construed to mean a person whose services are compensated by the United States.

(c) The Commission may constitute such advisory committees within States composed of citizens of that State and may consult with governors, attorneys general, and other representatives of State and local governments, and private organizations, as it deems advisable.

62 Stat. 697 et seq.

(d) Members of the Commission, and members of advisory committees constituted pursuant to subsection (c) of this section, shall be exempt from the operation of sections 281, 283, 284, 434, and 1914 of title 18 of the United States Code, and section 190 of the Revised Statutes (5 U. S. C. 99).

(e) All Federal agencies shall cooperate fully with the Commission to the end that it may effectively carry out its functions and duties.

Hearings, etc.

(f) The Commission, or on the authorization of the Commission any subcommittee of two or more members, at least one of whom shall be of each major political party, may, for the purpose of carrying out the provisions of this Act, hold such hearings and act at such times and places as the Commission or such authorized subcommittee may deem advisable. Subpenas for the attendance and testimony of witnesses or the production of written or other matter may be issued in accordance with the rules of the Commission as contained in section 102 (j) and (k) of this Act, over the signature of the Chairman of the Commission or of such subcommittee, and may be served by any person designated by such Chairman.

Subpenas.

(g) In case of contumacy or refusal to obey a subpena, any district court of the United States or the United States court of any Territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Attorney General of the United States shall have jurisdiction to issue to such person an order requiring such person to appear before the Commission or a subcommittee thereof, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

APPROPRIATIONS

SEC. 106. There is hereby authorized to be appropriated, out of any money in the Treasury not otherwise appropriated, so much as may be necessary to carry out the provisions of this Act.

PART II—TO PROVIDE FOR AN ADDITIONAL ASSISTANT ATTORNEY GENERAL

SEC. 111. There shall be in the Department of Justice one additional Assistant Attorney General, who shall be appointed by the President, by and with the advice and consent of the Senate, who shall assist the Attorney General in the performance of his duties, and who shall receive compensation at the rate prescribed by law for other Assistant Attorneys General.

PART III—TO STRENGTHEN THE CIVIL RIGHTS STATUTES, AND FOR OTHER PURPOSES

SEC. 121. Section 1343 of title 28, United States Code, is amended as follows:      62 Stat. 932.

(a) Amend the catch line of said section to read,

"§ 1343. Civil rights and elective franchise"

(b) Delete the period at the end of paragraph (3) and insert in lieu thereof a semicolon.

(c) Add a paragraph as follows:

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

SEC. 122. Section 1989 of the Revised Statutes (42 U. S. C. 1993) is hereby repealed.      Repeal.

PART IV—TO PROVIDE MEANS OF FURTHER SECURING AND PROTECTING THE RIGHT TO VOTE

SEC. 131. Section 2004 of the Revised Statutes (42 U. S. C. 1971), is amended as follows:

(a) Amend the catch line of said section to read, "Voting rights".

(b) Designate its present text with the subsection symbol "(a)".

(c) Add, immediately following the present text, four new subsections to read as follows:

"(b) No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President, Vice President, presidential elector, Member of the Senate, or Member of the House of Representatives, Delegates or Commissioners from the Territories or possessions, at any general, special, or primary election held solely or in part for the purpose of selecting or electing any such candidate.

"(c) Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b), the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. In any proceeding hereunder the United States shall be liable for costs the same as a private person.

"(d) The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this section and shall exercise the same without regard to whether the party aggrieved shall have exhausted any administrative or other remedies that may be provided by law.

"(e) Any person cited for an alleged contempt under this Act shall be allowed to make his full defense by counsel learned in the law; and the court before which he is cited or tried, or some judge thereof, shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire, who shall have free access to him at all reasonable hours. He shall be allowed, in his defense to make any proof that he can produce by lawful witnesses, and shall have the like process of the court to compel his witnesses to appear at his trial or hearing, as is usually granted to compel witnesses to appear on behalf of the prosecution. If such person shall be found by the court to be financially unable to provide for such counsel, it shall be the duty of the court to provide such counsel."

PART V—TO PROVIDE TRIAL BY JURY FOR PROCEEDINGS TO PUNISH CRIMINAL CONTEMPTS OF COURT GROWING OUT OF CIVIL RIGHTS CASES AND TO AMEND THE JUDICIAL CODE RELATING TO FEDERAL JURY QUALIFICATIONS

*Criminal contempt. Penalties.*

SEC. 151. In all cases of criminal contempt arising under the provisions of this Act, the accused, upon conviction, shall be punished by fine or imprisonment or both: *Provided however*, That in case the accused is a natural person the fine to be paid shall not exceed the sum of $1,000, nor shall imprisonment exceed the term of six months: *Provided further*, That in any such proceeding for criminal contempt, at the discretion of the judge, the accused may be tried with or without a jury: *Provided further, however*, That in the event such proceeding for criminal contempt be tried before a judge without a jury and the sentence of the court upon conviction is a fine in excess of the sum of $300 or imprisonment in excess of forty-five days, the accused in said proceeding, upon demand therefor, shall be entitled to a trial de novo before a jury, which shall conform as near as may be to the practice in other criminal cases.

*Nonapplicability.*

This section shall not apply to contempts committed in the presence of the court or so near thereto as to interfere directly with the administration of justice nor to the misbehavior, misconduct, or disobedience, of any officer of the court in respect to the writs, orders, or process of the court.

Nor shall anything herein or in any other provision of law be construed to deprive courts of their power, by civil contempt proceedings, without a jury, to secure compliance with or to prevent obstruction of, as distinguished from punishment for violations of, any lawful writ, process, order, rule, decree, or command of the court in accordance with the prevailing usages of law and equity, including the power of detention.

*62 Stat. 951.*

SEC. 152. Section 1861, title 28, of the United States Code is hereby amended to read as follows:

"§ 1861. Qualifications of Federal jurors

"Any citizen of the United States who has attained the age of twenty-one years and who has resided for a period of one year within the judicial district, is competent to serve as a grand or petit juror unless—

"(1) He has been convicted in a State or Federal court of record of a crime punishable by imprisonment for more than one year and his civil rights have not been restored by pardon or amnesty.

"(2) He is unable to read, write, speak, and understand the English language.

"(3) He is incapable, by reason of mental or physical infirmities to render efficient jury service."

*Short title.*

SEC. 161. This Act may be cited as the "Civil Rights Act of 1957". Approved September 9, 1957.

Exhibit 10, Page 5 of 5