MISHA ISAAK, Bar No. 086430
misha.isaak@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

DANIEL J. FREEMAN (*pro hac vice* forthcoming)
freemand@dnc.com
DEMOCRATIC NATIONAL COMMITTEE
430 South Capitol Street SE
Washington, DC 20003
Telephone: 202.863.8000

*Attorneys for Democratic National Committee*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>STATE OF OREGON, and TOBIAS READ, in his official capacity as the Oregon Secretary of State,<br><br>                    Defendants. | Case No.: 6:25-cv-1666-MTK<br><br>**MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>**BY DEMOCRATIC NATIONAL COMMITTEE** |

**CONFERRAL CERTIFICATION**

Counsel for the Democratic National Committee conferred in good faith about this motion with counsel for all parties. The State of Oregon and Tobias Read do not oppose the motion. The United States takes no position on the motion. *But cf.* U.S. Opp'n to Mot. to Intervene 28, ECF No. 30 (suggesting that movant-intervenors might instead present their views by seeking leave to file an amicus brief).

**MOTION**

The Democratic National Committee (DNC) respectfully moves for leave to submit a brief in this matter as amicus curiae. The DNC's proposed amicus brief is filed together with this motion.

The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voters' rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to register as Democrats and vote in favor of Democratic candidates. The DNC represents tens of millions of voters, including nearly 1,000,000 registered Democrats in Oregon.

This Court should exercise its discretion to allow the DNC to file an amicus brief. "The Federal Rules of Civil Procedure do not establish a procedure by which an amicus brief may be filed in district courts." *In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 3:18-md-2828, 2022 WL 22895021, at *1 (D. Or. Mar. 29, 2022); *cf*. Fed. R. App. P. 29(b)(2); S. Ct. R. 37. Nonetheless, this Court "has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "The classic role of amicus curiae [is] assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Ultimately, in weighing whether to grant amicus status, the "touchstone is whether the *amicus* is helpful and there is no rule that *amici* must be totally disinterested." *Good George LLC v. Cincinnati Ins. Co.*, No. 3:20-cv-01705, 2021 WL 5305854, at *1 (D. Or. Nov. 15, 2021) (internal quotation marks and citation omitted).

In this case, the U.S. Department of Justice demands a copy of the State of Oregon's complete, unredacted voter file, which includes the personal identifying information of nearly 1,000,000 registered Democrats. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between democratic participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012) (citation omitted). The concerns of ordinary Democrats are amplified by uncertainty as to the intended use of their data and the Trump Administration's extraordinary partisan bias and retributive impulse. *See, e.g.*, Jess Bidgood and Devlin Barrett, *Trump's Efforts to Punish His Enemies Are Ramping Up*, N.Y. Times, Sept. 22, 2025, https://perma.cc/BTW5-ZMT3; *see also* Ryan Lucas, *As Trump Talks of Designating Antifa a Foreign Terrorist Group, Experts See Danger*, NPR, Oct. 28, 2025, https://perma.cc/CNM6-A5MC ("Deputy White House Chief of Staff Stephen Miller recently said the Democratic party 'is not a political party. It is a domestic extremist organization.'"). In turn, the DNC has a significant protectable interest in the success of Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g., Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *1-2 (D. Nev. Apr. 28, 2020).

The DNC would also bring substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701-20706, the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. §§ 20501-20511, and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. §§ 20901-21145. The DNC routinely litigates matters under both the NVRA and HAVA. *See, e.g., Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.)

(NVRA). More broadly, the DNC regularly works with state and local officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on the document retention requirements at the heart of Title III.

The DNC respectfully requests that this Court grant its motion for leave to file an amicus brief. A proposed amicus brief is filed together with this motion. Although this Court's local rules do not set page limits for amicus filings, the proposed brief complies with requirements for filings in opposition to a non-discovery motion. *See* L.R. 7-2(b).

DATED: November 18, 2025

STOEL RIVES LLP

*s/ Misha Isaak*
MISHA ISAAK, Bar No. 086430
misha.isaak@stoel.com

DANIEL J. FREEMAN, *pro hac vice* forthcoming
freemand@dnc.com

*Attorneys for Democratic National Committee*