Eri Andriola (OSB No. 246500)
Kelly Simon (OSB No. 154213)
ACLU FOUNDATION OF OREGON
P.O. Box 40585
Portland, OR 97240
(503) 227-6928
eandriola@aclu-or.org
ksimon@aclu-or.org

Theresa J. Lee†
Jonathan Topaz†
Sophia Lin Lakin*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
tlee@aclu.org

Patricia Yan†
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800
pyan@aclu.org

*Counsel for ACLU of Oregon*

\* *motion for admission pro hac vice forthcoming*
† *contributed to the brief but not appearing*

Brent Ferguson†
Daniel S. Lenz†
Sejal Jhaveri†
Renata O'Donnell†
Alexis Grady†
Kate Hamilton*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
khamilton@campaignlegalcenter.org

Patrick Berry*
Andrew B. Garber†
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
berryp@brennan.law.nyu.edu

Maura Eileen O'Connor†
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
777 6th St., NW, Ste. 1100
Washington, DC 20001
(202) 249-7190
oconnore@brennan.law.nyu.edu

*Counsel for LWV of Oregon*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>THE STATE OF OREGON; and TOBIAS READ, in his official capacity as the Oregon Secretary of State,<br><br>        Defendants. | Case No. 6:25-CV-01666-MTK |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF AMERICAN CIVIL LIBERTIES UNION OF OREGON AND LEAGUE OF WOMEN VOTERS OF OREGON**

## LR 7-1 CERTIFICATION

In compliance with LR 7-1(a), undersigned counsel conferred in good faith with counsel for Plaintiff, Defendants, and Proposed Defendant-Intervenors. Plaintiff takes no position on the motion; Defendants do not oppose the motion; Proposed Defendant-Intervenors do not oppose the motion.

## MOTION

The American Civil Liberties Union of Oregon (ACLU-OR) and the League of Women Voters of Oregon (LWVOR) respectfully move the court for leave to file an *amici curiae* brief in support of Defendants' motion to dismiss and Proposed Defendant-Intervenors' proposed motion to dismiss.

This motion is based on the supporting Legal Memorandum. The proposed *amici* brief is attached as Exhibit 1 to this motion. Although this Court's local rules do not set page limits for amicus filings, the proposed brief complies with requirements for non-discovery motion memoranda. *See* LR 7-2(b). No counsel for any party authored this brief in whole or in part, no such counsel or party made a monetary contribution to fund the preparation or submission of this brief, and no one other than the *amici curiae* and their counsel made any monetary contribution.

## LEGAL MEMORANDUM

### I.   Introduction

Proposed *amici curiae*, ACLU-OR and LWVOR seek leave to file the attached brief in support of Defendants' motion to dismiss (Dkt. No. 32) and Proposed Defendant-Intervenors' proposed motion to dismiss (Dkt. No. 31). Proposed *amici* devote substantial work to ensuring a just and equitable democracy in Oregon. Both are membership organizations with members across the state who are registered voters, whose data is at risk of disclosure in the instant action. As such,

proposed *amici* have an interest in this case and seek to provide the Court with additional views in its evaluation of the pending motions to dismiss.

## II.     Legal Standard

While there is no Federal Rule of Civil Procedure that applies to amicus briefs at the district court level, federal district courts possess the inherent authority to accept *amici* briefs. *See, e.g.*, *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249, n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Linthicum v. Wagner*, No. 6:23-CV-01624-AA, 2023 WL 8602152, at *1 (D. Or. Dec. 12, 2023) ("While there is no rule addressing the filing of an amicus brief in a district court, 'the Ninth Circuit has held that a district court has broad discretion in the appointment of amicus curiae.'" (citation omitted)); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("[D]istrict courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure.

The "classic role of amicus curiae" is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). District courts in the Ninth Circuit routinely grant leave for amicus curiae to appear. *Hoptowit*, 682 F.2d at 1260 (a "a district court has broad discretion to appoint amici curiae," such that an appellate court will not reverse absent abuse of discretion); *see, e.g.*, *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-CV-05736-DGE, 2024 WL 416859, at *1 (W.D. Wash. Feb. 5, 2024); *Linthicum*, 2023 WL 8602152, at *1 (granting motion to appear as amicus because organization is likely to lend a "unique perspective on the issues presented, which may assist the Court in adjudicating the pending motion"). Leave is generally allowed when "amicus has an

interest in some other case that may be affected by the decision in the present case, or . . . has unique information or perspective that can help the court . . . ." *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citation omitted).

### III. Argument

Proposed *amici*, membership organizations that work to advance Oregon's democracy, plainly have an interest in this action, which places sensitive voter data at risk of disclosure. Proposed *amici* are long-time stakeholders in issues surrounding Oregon's democracy and consistently work to protect voters and expand participation in the state. Proposed *amici* are affiliates of national organizations that have been addressing these issues alongside comparable state affiliates in other states in which the United States has sought the same information, and so have familiarity with and expertise related to the issues presented in this case. Thus, the Court should exercise its discretion and grant this motion.

First, as further detailed in the attached proposed Brief, proposed *amici* have a strong interest in ensuring that the voting and privacy rights of their members and other Oregon voters are not infringed upon by the disclosure of sensitive personal voter information in contravention of Oregon state law. As membership organizations, proposed *amici* can stand in the shoes of their members to ensure this perspective is brought to the Court. Any decision other than dismissal would imperil voter privacy as well as chill voter participation, including among their members. ACLU-OR regularly works to ensure the privacy rights of Oregonians. *See, e.g.*, *Rogue Valley Pepper Shakers v. City of Medford*, No. 24CV39962 (Or. Cir. Ct. filed Aug. 20, 2024). And LWVOR has undertaken substantial advocacy in the Oregon State Legislature to ensure voter privacy. *See* Ex. 1 at 3. Proposed *amici* have a unique perspective as membership organizations that work directly to advance both privacy and democracy, the two key values at risk by the expansive disclosure authority claimed by Plaintiff in this case.

Second, chapters of the League of Women Voters (LWV) and counsel from various ACLU affiliates are presently participating in numerous lawsuits brought by the United States against other states seeking unredacted voter records. *See, e.g.*, *United States v. Bellows*, No. 1:25-cv-468 (D. Me. filed Sept. 16, 2025) (LWV of Maine has sought intervention); *United States v. Benson*, No. 1:25- cv-01148 (W.D. Mich. filed Sept. 25, 2025) (LWV of Michigan has sought intervention); *United States v. Simon*, No. 0:25-cv-03761 (D. Minn. filed Sept. 25, 2025) (LWV of Minnesota, with counsel from ACLU of Minnesota and ACLU, has sought intervention); *United States v. Bd. of Elections of the State of N.Y.*, No. 1:25-cv-01338 (N.D.N.Y. filed Sept. 25, 2025) (LWV of New York State has sought intervention); *United States v. Pennsylvania*, No. 2:25-cv-01481 (W.D. Pa. filed Sept. 25, 2025) (LWV of Pennsylvania, with counsel from ACLU of Pennsylvania and ACLU, has sought intervention); *United States v. Weber*, No. 2:25-cv-9149 (C.D. Cal. filed Sept. 25, 2025) (LWV of California, with counsel from ACLU of Northern California, ACLU of Southern California, and ACLU, granted intervention); *United States v. Page*, No. 8:25-cv-1370 (C.D. Cal. filed June 25, 2025) (LWV of California, with counsel from ACLU of Northern California, ACLU of Southern California, and ACLU, has sought intervention). Proposed *amici* are well versed on the law and the arguments that will be brought before the Court and have expertise on voting-related issues that would benefit the Court.

Finally, the proposed participation of *amici* will not disrupt the briefing schedule. Dkt. 29. Defendants filed their motion on November 17, 2025, and the proposed *amici* filed the present motion, with the attached proposed brief, seven days later on November 24, 2025. Plaintiff will have ample opportunity to review the proposed brief prior to filing its anticipated opposition brief on December 8, 2025. Dkt. 29. Because proposed *amici* do not seek any further appearance in the case, no parties would be prejudiced by their participation.

IV. **Conclusion**

For the foregoing reasons, the Court should grant ACLU-OR and LWVOR's motion for leave to file an *amici curiae* brief in support of the pending motions to dismiss.

| | |
|---|---|
| Dated: November 24, 2025 | Respectfully submitted,<br>/s/ Eri Andriola |
| Brent Ferguson[†]<br>Daniel S. Lenz[†]<br>Sejal Jhaveri[†]<br>Renata O'Donnell[†]<br>Alexis Grady[†]<br>Kate Hamilton*<br>CAMPAIGN LEGAL CENTER<br>1101 14th St. NW, Suite 400<br>Washington, DC 20005<br>Tel: (202) 736-2200<br>Fax: (202) 736-2222<br>bferguson@campaignlegalcenter.org<br>dlenz@campaignlegalcenter.org<br>sjhaveri@campaignlegalcenter.org<br>rodonnell@campaignlegalcenter.org<br>agrady@campaignlegalcenter.org<br>khamilton@campaignlegalcenter.org | Eri Andriola (OSB No. 246500)<br>Kelly Simon (OSB No. 154213)<br>ACLU FOUNDATION OF OREGON<br>P.O. Box 40585<br>Portland, OR 97240<br>(503) 227-6928<br>eandriola@aclu-or.org<br>ksimon@aclu-or.org |
| | Theresa J. Lee[†]<br>Jonathan Topaz[†]<br>Sophia Lin Lakin*<br>ACLU FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500<br>tlee@aclu.org<br>jtopaz@aclu.org<br>slakin@aclu.org |
| Maura Eileen O'Connor[†]<br>BRENNAN CENTER FOR JUSTICE<br>AT NYU SCHOOL OF LAW<br>777 6th St., NW, Ste. 1100<br>Washington, DC 20001<br>Tel: (202) 249-7190<br>oconnore@brennan.law.nyu.edu | Patricia Yan[†]<br>ACLU FOUNDATION<br>915 15th Street NW<br>Washington, DC 20005<br>(202) 457-0800<br>pyan@aclu.org<br><br>*Counsel for ACLU of Oregon* |
| Patrick Berry*<br>Andrew B. Garber[†]<br>BRENNAN CENTER FOR JUSTICE<br>AT NYU SCHOOL OF LAW<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Tel: (646) 292-8310<br>Fax: (212) 463-7308<br>berryp@brennan.law.nyu.edu<br>garbera@brennan.law.nyu.edu | * *motion for admission pro hac vice forthcoming*<br>[†] *contributed to the brief but not appearing* |
| *Counsel for LWV of Oregon* | |