ANTHONY G. BROWN
Attorney General of Maryland

DANIEL KOBRIN*
Assistant Attorney General
dkobrin@oag.maryland.gov
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 210202
(410) 576-6472
(410) 576-6955 (facsimile)
*Pending Special Admission Pursuant to Local Rule 83-4

Attorneys for Amici States

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 6:25-cv-01666-MTK |
| *Plaintiff*, | |
| v. | **MOTION FOR LEAVE TO FILE AMICUS BRIEF BY SIXTEEN STATES** |
| STATE OF OREGON and TOBIAS READ, in his official capacity as the Oregon Secretary of State, | |
| *Defendants*. | |

## CERTIFICATION UNDER LOCAL RULE 7-1

Pursuant to Local Rule 7-1(a), undersigned counsel conferred with counsel for the United States, counsel for the State Defendants, and counsel for the Defendant-Intervenors about the relief requested by this motion. The United States takes no position on the request; the State Defendants and Defendant-Intervenors do not oppose it.

## MOTION

Sixteen states ("the Amici States"),[1] by and through their Attorneys General, respectfully move for leave to submit a brief as amici curiae supporting the defendants in this matter. Over the past eight months, the Department of Justice has issued an unprecedented demand to 42 States for entire, unredacted voter registration databases. Brennan Center for Justice, *Tracker of Justice Department Requests for Voter Information* (Nov. 17, 2025), https://tinyurl.com/532npb34. Each of the Amici States received that demand; 11 of the Amici States have, like Oregon, been sued by the Department of Justice for their refusal to comply.[2] The Amici States now seek leave to provide this Court with information about the broader context of the Department of Justice's demand, the harm that demand threatens to the tens of millions of voters listed in Amici States' voter registration databases, and the incompatibility of that demand with applicable law.

This Court possesses "broad discretion" to grant an amicus leave to participate. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled in part on other grounds by Sandlin v.*

---

[1] The States are Arizona, California, Colorado, Delaware, Hawaiʻi, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, Rhode Island, Vermont, and Washington.

[2] The participating states with pending litigation against the Department of Justice are California, Delaware, Maine, Maryland, Michigan, Minnesota, New Mexico, New York, Rhode Island, Vermont, and Washington.

*Connor*, 515 U.S. 472 (1995).  In determining whether to grant that leave, district courts in the Ninth Circuit have considered if the amicus party "has an interest in some other case that may be affected by the decision in the present case," or if "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Stoyas v. Toshiba Corp.*, No. 15-CV-4194, 2021 WL 2315200, *1 (C.D. Cal. Jun. 7, 2021) (quoting *Community Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)).  Ultimately, the Court looks to see "whether the amicus is helpful."  *Id.* at *1 (citation omitted).[3]

The Amici States' brief will be helpful to the Court's consideration of the pending motions to dismiss.  First, because all of the Amici States have (like Oregon) received demands for voter records, this case implicates their interest in whether the federal government has the authority to issue those demands.  Eleven of the Amici States, moreover, stand in a position substantially similar to Oregon, having been sued for their refusal to accede to the Department of Justice's demands; these States possess an even more direct interest in how a federal court interprets the Department of Justice's authority to demand, and potentially share, unredacted voter registration databases.

Second, the Amici States also offer a broader perspective on the matter. The Department of Justice is not solely concerned with Oregon's voter registration database.  It is suing Oregon, and 13 other States, in an effort to aggregate voter registration records on a national scale.  And it

---

[3] Because the Federal Rules of Civil Procedure do not speak to participation by amici curiae, this Court may look to the Federal Rules of Appellate Procedure for guidance on when such participation is appropriate.  *See Stoyas*, 2021 WL 2315200, at *2 (citing *United States v. State Water Resource Control Bd.*, No. 2:19-CV-000547, 2020 WL 9144006, *3 (E.D. Cal. April 23, 2020)). Federal Rule of Appellate Procedure 29(a)(2) categorically permits "a state" to file an amicus brief "without the consent of the parties or leave of court."

is doing so as part of a broader effort, across the federal government, to collect personal information from States about their citizen and non-citizen residents with little regard for legal constraints or the ensuing harm to public trust. The Amici States seek to provide this Court with information about that broader effort, so that this Court may situate the demand for Oregon's unredacted voter registration database within its proper context as it assesses the legality of that demand.

The Amici States therefore seek leave to file the amicus brief attached to this motion as Exhibit A.

Dated: December 5, 2025

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Daniel Kobrin
DANIEL KOBRIN*
Assistant Attorney General
dkobrin@oag.maryland.gov
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 210202
(410) 576-6472
(410) 576-6955 (facsimile)
* Pending Special Admission
Pursuant to Local Rule 83-4

Attorneys for Amici States